UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FLOYD ANDERSON, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-12-243 |
| | § | |
| GEOVERA SPECIALTY INSURANCE COMPANY, *et al*, | § § § § | |
| Defendants. | § | |

## ORDER ON MOTION TO REMAND

On July 25, 2012, Defendants removed this action to this Court on the basis of diversity jurisdiction. D.E. 1. *See* 28 U.S.C. §§ 1332(a), 1441. The diversity between Plaintiffs and Defendant GeoVera Specialty Insurance Company and the sufficiency of the amount in controversy is not disputed. However, Defendant Tim Reeves is admittedly a citizen of the State of Texas along with Plaintiffs, ostensibly destroying diversity. Defendants argue that Reeves was fraudulently joined and that his non-diverse citizenship must be disregarded. This Court disagrees and the Motion to Remand (D.E. 7) is GRANTED.

The removal statute is strictly construed against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The burden of proof to demonstrate removal jurisdiction as well as fraudulent joinder is on the Defendants. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). That burden is a heavy one. *McKee, supra* at 334. In this endeavor, the Court resolves

1 / 4

all contested fact issues and all ambiguities of state law in favor of Plaintiffs. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Because no actual fraud is alleged, Defendant must show constructive fraud through the inability of the Plaintiffs to establish a cause of action against Reeves in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). In other words, Defendants must show that there is no reasonable basis on which this Court may predict that the Plaintiffs might establish liability. *Id.*

Plaintiffs have provided Texas legal authority for the types of claims they have alleged against Reeves as the adjuster who investigated their insurance claim. *See e.g.*, Tex. Ins. Code §§ 541.003, 541.051, 541.060, 541.061; *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998). Such claims have been held sufficient to defeat fraudulent joinder claims in similar cases in all of the federal districts of Texas. *See e.g., Tenner v. Prudential Ins. Co. of Am.*, 872 F.Supp. 1571, 1574 (E.D. Tex. 1994); *Blanchard v. State Farm Lloyds*, 206 F.Supp.2d 840, 846-48 (S.D. Tex. 2001); *Russell v. State Farm Lloyds*, 2001 WL 1326501 (N.D. Tex. 2001); *Bruner v. State Farm Lloyds*, 1999 WL 33290662 (W.D. Tex. 1999). Defendants concede that it is possible to maintain a cause of action against an individual adjuster under the Texas Insurance Code. D.E. 8, p. 3, para. 4.2.

Instead, Defendants argue that the Plaintiffs' pleadings are governed by federal pleading requirements and their *factual* allegations fall short. *See generally, Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). Alternatively, Defendants argue that Plaintiffs' pleadings do not even satisfy the less stringent Texas "fair notice" pleading requirements.

*Twombly* and *Iqbal* post-date most case law evaluating the sufficiency of a plaintiff's pleadings against a defendant who is alleged to have been fraudulently joined. So the sharp contrast between the new federal pleading rules and age-old Texas state requirements has not been evaluated in this context in the Fifth Circuit. However, sister courts in the Southern District of Texas have held that state standards are applied to the evaluation of improper joinder claims when they are more lenient than federal standards. *E.g., Stevenson v. Allstate Texas Lloyd's*, No. 11–cv–3308, 2012 WL 360089, *3 (S.D. Tex. Feb 01, 2012); *Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607, 2010 U.S. Dist. LEXIS 129582 (S.D. Tex. Dec. 8, 2010). This Court agrees.

Under Texas "fair notice" standards for pleading, the question is whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what evidence will be relevant so as to prepare a defense. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). The "fair notice" requirement of Texas pleading relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity. *E.g, Bowen v. Robinson*, 227 S.W.3d 86, 91 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

After reviewing the Plaintiff's Original Petition (D.E. 1-5), the Court is of the opinion that the pleading adequately informs the Defendants of the issues such that discovery can be conducted and evidence can be developed in a proper defense. It thus

3 / 4

satisfies the Texas pleading requirements. If the pleading reveals a reasonable basis of recovery on one cause of action, the court must remand the entire suit to state court. *E.g., Gray ex rel. Rudd v. Beverly Enterprises-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

For these reasons, the fraudulent joinder challenge is rejected and the Motion to Remand (D.E. 7) is GRANTED.

ORDERED this 25th day of September, 2012.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE